COMMERCIAL TRUST COMPANY, executor and trustee, &c.,

*v.*

CHARLES HEINTZ et al.

[Decided February 1st, 1926.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis, whose opinion is reported in *98 N. J. Eq. 15.*

*Mr. Hugo Woerner,* for the appellants.

*Messrs. Fisk & Fisk,* for the respondent Commercial Trust Company.

*Mr. Charles Drewen,* for the respondent Johanna Hartman.

PER CURIAM.

The bill in this case was filed by the Commercial Trust Company, as executor and trustee under the will of the late Clara Heintz Johnson, to obtain a construction of that instrument, and a determination of the identity of certain of

the legatees named therein. Upon the hearing had in the court of chancery before Vice-Chancellor Lewis, the various provisions of the will were construed and the identity of the several legatees determined. One of the legatees named in the will was "Jennie Hartman." It was demonstrated at the hearing that there was no such person in being at the time of the making of the will. It was proved, however, that the testatrix then had two relatives, one named Johanna Hartman, who was a granddaughter of a first cousin of the testatrix, and the other a Mrs. Jennie Heintz, the wife of Ferdinand Heintz, a cousin of the testatrix. Each of these two persons claimed to be the one intended by the testatrix as her legatee under the name "Jennie Hartman," and it was conceded at the hearing by all parties in interest that the one or the other of them is the intended legatee. The learned vice-chancellor held, on the testimony taken before him, that Johanna Hartman, the granddaughter of Charles Heintz, was the person intended by the testatrix as her legatee under the designation of "Jennie Hartman." The present appeal is taken by Jennie Heintz from so much of the decree as so adjudges.

A careful examination and consideration of the proofs sent up with the appeal, and of the will itself, lead us to the conclusion that the vice-chancellor was entirely justified in his holding that the respondent Johanna Hartman was the person whom the testatrix intended should take the legacy bequeathed to the non-existent "Jennie Hartman."

This conclusion leads to an affirmance of the decree under review.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ. 15.

*For reversal*—None.